The People of the State of New York, Respondent,
against
Sean Hawkins, Appellant. 




New York City Legal Aid Society (Ellen Dille of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Sholom J. Twersky and Daniel Berman of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Joanne D. Quiñones, J.), rendered August 1, 2016. The judgment convicted defendant, after a nonjury trial, of 10 counts of sexual abuse in the third degree, and one count of attempted endangering the welfare of a child, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
After a nonjury trial, defendant was convicted of 10 counts of sexual abuse in the third degree (Penal Law § 130.55) and one count of attempted endangering the welfare of a child (Penal Law §§ 110.00, 260.10 [1]). At the trial, the victim testified that, when she was 11 years old, her father touched her vagina and placed his penis against her buttocks while she was lying in bed with him during overnight visits from September 2008 to June 2009. Defendant's testimony provided a version of the events that differed from the one offered by the People, and he specifically denied the allegation that he had touched his daughter in the manner she had described. On appeal, defendant contends that the verdict was against the weight of the evidence.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.05 [2]; People v Danielson, 9 NY3d 342, 348-349 [2007]), and assuming that an acquittal would not have been unreasonable (see People v Romero, 7 NY3d 633, 643 [2006]), we "must weigh the relative probative forces of conflicting testimony and the relative [*2]strength of conflicting inferences that may be drawn from the testimony (see People v Romero, 7 NY3d 633, 644-645 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987])" (People v Asvazadourain, 59 Misc 3d 137[A], 2018 NY Slip Op 50567[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). In so doing, we nevertheless accord great deference to the opportunity of the factfinder to view the witnesses, hear their testimony, observe their demeanor and assess their credibility (see People v Mateo, 2 NY3d at 410; People v Bleakley, 69 NY2d at 495). A conviction will be affirmed if it appears that the trier of fact has given the evidence the weight it should be accorded (see CPL 470.15 [5]; People v Danielson, 9 NY3d at 348; People v Schmucker, 57 Misc 3d 156[A], 2017 NY Slip Op 51629[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). Upon a review of the record, we find that the guilty verdict was not against the weight of the evidence.
Accordingly, the judgment of conviction is affirmed.
WESTON, J.P., ALIOTTA and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 7, 2020